

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**02/04/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| BUTAN VALLEY, N.V. | § | CASE NO: 07-36856 |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| OSAMA ALKASABI | § | |
|    Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-3039 |
| | § | |
| SOCIETE GENERALE; fka LA BANQUE | § | |
| SOCIETE GENERALE, *et al* | § | |
|    Defendant(s) | § | |

## CONCLUSIONS, REASONS, AND OPINION
## REGARDING FINAL SUMMARY JUDGMENT

Osama Alkasabi ("Plaintiff") asserts that he holds an MBA, JD, and LLM.[1] He has elected to represent himself in this proceeding. Because Plaintiff apparently is not a practicing attorney, and to assure that Plaintiff was not disadvantaged in presenting his case, the Court allowed Plaintiff much greater flexibility and latitude than the Court would have suffered experienced counsel. Nevertheless, Plaintiff has not only presented his contentions in a rambling, confused way, he has failed to respond to Defendants motions for summary judgment with anything more than his own unsubstantiated and internally contradictory allegations. The Court concludes that there is no material issue of fact for trial and therefore has, by separate final judgment issued on February 2, 2009, awarded summary judgment dismissing all of Plaintiff's claims.

### I.   FACTS

The Court finds that there is no dispute about the following facts.

On June 7, 2001, United States District Judge Kenneth Hoyt issued a corrected and final judgment ("Judgment") in favor of La Banque Societe Generale ("Societe Generale") and La Banque de Neuflize Schumberger Mallet ("ABN Amro") against Sheihk Abdillah Othman, Abdullah Al-Kasabi, and Butan Valley NV. The Judgment declared that Butan Valley was the alter ego of Sheikh Al-Kasabi and ordered enforcement of the judgment, jointly and severally, against Butan Valley and Sheikh Al-Kasabi. The Judgment was affirmed by the Court of

---

[1] *See* Plaintiff's letterhead filed as an exhibit to Rampart motion for summary judgment.

Appeals for the Fifth Circuit on July 16, 2002, including an affirmation of Rule 37 sanctions against the defendants.[2]

The judgment creditors assigned the judgment to Rampart.[3]  Plaintiff, as sole shareholder and officer of Butan Valley ("Debtor") filed this bankruptcy case when Rampart Acquisitions Corporation LLC ("Rampart") tried to execute on the Judgment.[4]

On January 11, 2008, subsequent to the bankruptcy filing, Mr. Alkasabi, filed a petition in Texas state court against Societe Generale, ABN Amro, and Rampart (the "Defendants").[5] The petition that Plaintiff filed in the Texas court (the "Complaint") is the pleading that articulates Plaintiff's claims and is the pleading at issue in Defendants' motions for summary judgment.

The Complaint refers to Judge Hoyt's Judgment.[6]  The Complaint then alleges that on July 1, 2007, the Banks[7] (both of which are Defendants)

> " … entered into an oral agreement whereby the Banks agreed to sell and/or compromise the Judgment and not execute on such Judgment, in exchange for [Plaintiff's] payment of the of (sic) $656,058.08 …"[8]

The Complaint then alleges that the Banks then " … purportedly transferred the judgment to Rampart …"[9]

Based on these allegations, the Complaint then seeks damages for breach of contract and for specific performance.

The Defendants filed proper answers, the thrust of which is that there is no basis to any of these allegations.  Defendants (both the Banks and Rampart) assert that Plaintiff made a settlement offer in 2007 to try to resolve the Judgment, that the Banks rejected Plaintiff's settlement offer, and that the Banks then sold the Judgment to Rampart.

---

[2] Plaintiff attached to his complaint in state court (which was later removed to this Court and became this adversary proceeding) a copy of the March 26, 2001, Order For Summary Judgment.  That order was subsequently effected by a Final Judgment (docket # 132) and Corrected Final Judgment (docket # 144) in case # 4:99-cv-00560, United States District Court for the Southern District of Texas.

[3] As discussed in more detail in the following paragraphs, Plaintiff alleges in his complaint that the judgment creditors "purported" to transfer the judgment to Rampart.

[4] Statement of counsel for Debtor Butan Valley in open court as discussed extensively in prior orders issued by this court, Case # 07-36856, docket #150.

[5] Cause No. 2008-02-02155, 157th Judicial District Court, Harris County, Texas.  The state court lawsuit was removed to the bankruptcy court and became Adversary Proceeding 08-3039

[6] Plaintiff attached a copy of Judge Hoyt's order for summary judgment that led to the corrected final judgment that was affirmed by the Fifth Circuit.

[7] The Complaint refers to Societe General and ABN Amro as the "Banks".

[8] Complaint, paragraph 16.

[9] Complaint paragraph 17.

## II. THE SUMMARY JUDGMENT EVIDENCE

A.  There is no competent evidence of any agreement between the Plaintiff and the Banks

The Complaint alleges that there was an oral agreement in 2007. The Complaint does not refer to any agreement prior to that.

In his affidavit in opposition to the motions for summary judgment, Plaintiff recites a completely different account. He asserts that the oral agreement to sell the Judgment to him was made in 2002. The affidavit asserts that the alleged oral agreement was documented in vaguely described merger and acquisitions agreements, but no supporting documentation is attached.[10]

Paragraph 10 of Mr. Alkasabi's affidavit contradicts paragraph 4. Having asserted in paragraph 4 that the Banks sold the Judgment to him in 2002 and that the Banks' financial statements reflected Mr. Alkasabi as the owner of the Judgment in 2002, paragraph 10 of the affidavit asserts that the Banks entered into another agreement in 2007 to sell the Judgment to him.

The Court considered the possibility that the apparently conflicting assertions could reflect Mr. Alkasabi's difficulty with the English language. However, the statements in paragraph 4 and 10 are not complex assertions. Paragraph 4 asserts that Mr. Alkasabi owned the Judgment in 2002, and paragraph 10 asserts that he negotiated to buy the Judgment in 2007 and that the Banks agreed to sell it to him in 2007.

There is no documentation or other evidence supporting Mr. Alkasabi's bald assertions about his ownership of the Judgment in 2002, even though it should have been easy for him to describe and to produce the documents to which he refers.

But there is documentation that definitively contradicts both allegations about 2002 and about 2007. Unrefuted documents submitted as summary judgment evidence show that Mr. Alkasabi offered to purchase or compromise the Judgment in 2007. Those written statements completely refute the allegation that he thought he had purchased the Judgment in 2002. The documents also show that Mr. Alkasabi's 2007 offer to purchase was refused and in response Mr. Alkasabi wrote a vitriolic response that acknowledged his awareness that there was no oral agreement.

Mr. Alkasabi's affidavit is completely unsupported and is completely refuted by his own statements. It is not competent summary judgment evidence, and it is the only evidence that he submitted that is relevant to the issues on summary judgment. Since Plaintiff has not opposed

---

[10] Aksasabi affidavit attached to docket # 89, paragraph 4. Plaintiff describes documents that would seem to be available as public documents, and Plaintiff describes the documents as if he has viewed them. However, when the Court gave Plaintiff an opportunity to obtain discovery of any such documents merely by describing them with reasonable particularity, Plaintiff failed to do so. Instead, he propounded extremely broad discovery demands that the Court quashed as unduly burdensome and expensive. In at least one courtroom hearing, the Court inquired of Plaintiff extensively to try to determine whether the documents could be described in a way that would enable the Court to require the Banks to produce them. Plaintiff was so vague, rambling, and evasive that the Court could not determine a description of the documents to require the Banks to produce.

the motion for summary judgment with competent evidence, and since Defendants have provided summary judgment evidence that refutes the allegations in the Complaint, Defendants are entitled to summary judgment dismissing the claims.

B.      Irrelevant and Inconsistent Allegations

      1.      The Banks Do Not Have Authority to Assign the Judgment

Mr. Alkasabi's affidavit and other responses to the motions for summary judgment assert that the Defendants have not demonstrated that the right people signed the documents transferring the Judgment to Rampart and that the Banks do not have the authority to transfer the Judgment to Rampart. The argument is convoluted and complex. But it is rejected as irrelevant and inconsistent.

First, by granting the motions for summary judgment the Court is not ruling that Rampart is the owner of the Judgment. The Court will address that issue in the contested proceeding in which Mr. Alkasabi objects to Rampart's proof of claim. The claims that the Court is dismissing in this adversary proceeding are the allegations that the Banks transferred the Judgment to Mr. Alkasabi, making him the owner of the Judgment, or that the Banks and Rampart are liable in damages to Plaintiff for transferring the Judgment to Rampart.

It is totally inconsistent to allege and to assert that the Banks do not have the authority to transfer the Judgment and to seek specific performance for them to transfer the Judgment to Plaintiff. It is totally inconsistent to allege and to assert that the Banks do not have the authority to transfer the Judgment and to seek damages from them for transferring the Judgment to Rampart. These are not alternative theories of recovery, they are mutually inconsistent facts.

As a matter of law, Plaintiff cannot recover on a cause of action which requires the Court to find mutually inconsistent facts.

      2.      The French Franc is no longer "legal currency"

Assuming for purposes of this decision that Plaintiff is correct, the assertion and argument are simply irrelevant to this adversary proceeding.

SIGNED 02/03/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge